**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CHENXING XU,

Petitioner,

v.

WARDEN ADELANTO ICE PROCESSING CENTER, *et al.*,

Respondents.

Case No. 5:26-cv-05629-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On September 24, 2026, Petitioner Chenxing Xu ("Petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), challenging her detention as a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. (Dkt. 1 at 12.) For the reasons stated below, the Court grants the Petition and orders Respondents to immediately release Chenxing Xu (A#242359379) from the Adelanto ICE Processing Center.

## II. FACTUAL AND LEGAL BACKGROUND

Petitioner is a native and citizen of the People's Republic of China. (Dkt. 1 at 22.) Petitioner entered the United States through the Los Angeles International Airport in Los Angeles, California, on April 18, 2024, on a B-2 nonimmigrant visa set to expire on October 18, 2024. (Dkt. 1 at 3-4.) On August 23, 2024, Petitioner filed an I-589

Application for Asylum that remains pending. (Dkt. 10-1 at 3.) On February 5, 2025, Petitioner filed an I-765 form for work authorization that was later approved on February 24, 2025. (*Id.*) Petitioner has no criminal history. (*Id.*)

On September 4, 2026, Petitioner was arrested at Ontario International Airport in Ontario, California as part of a targeted immigration enforcement operation. (Dkt. 10-1 at 2.) Petitioner was attempting to board a flight to Seattle when authorities detained her. (*Id.*) Petitioner has remained detained at Adelanto ICE Processing Center since this date. (Dkt. 1 at 4.)

On September 29, 2026, Petitioner had a bond hearing. (Dkt. 10-2 at 1.) The Immigration Judge denied Petitioner's bond request after concluding she was a flight risk. (*Id.*) Petitioner has not filed an appeal with the Board of Immigration Appeals ("BIA").

Petitioner filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Supporting Memorandum" and "Request for Immediate Release, Narrowly Tailored Prospective Relief, and Expedited Consideration" on September 24, 2026. (Dkt. 1.) Petitioner alleges the following in support of her argument that her bond hearing was unlawful: (1) the Court should waive prudential exhaustion; (2) Respondents must identify the authority for Petitioner's arrest; (3) continued detention requires applicable statutory authority and sufficient process; (4) Fifth Amendment Due Process violation; and (5) irreparable harm and expedited consideration. (Dkt. 1 at 9–13.)

Respondents filed "Federal Respondents' Answer to Petition for Writ of Habeas Corpus" on October 1, 2026. (Dkt. 10.) Respondents argue: (1) Petitioner has not exhausted administrative remedies; and (2) the Court should not reweigh the evidence considered by the IJ at the bond hearing. (Dkt. 10 at 2–5.) Petitioner filed "Petitioner's Reply in Support of Petition for Writ of Habeas Corpus" on October 2, 2026. (Dkt. 11.) Petitioner's Reply largely reiterates the arguments she made in the Petition and clarifies that she challenges not the outcome of the bond hearing, but the failure to

provide her with a pre-deprivation hearing prior to her arrest. (*Id.*)

## III. ANALYSIS

### A. Habeas Jurisdiction

A writ of habeas corpus may be granted to any petitioner who demonstrates "he is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). A petitioner bears the burden of proving by the preponderance of the evidence that he is entitled to habeas relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### B. Exhaustion

As an initial matter, the Court finds exhaustion of administrative remedies is not warranted. "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). However, a court may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted).

///

Here, administrative remedies would be "inadequate and futile," as a post-deprivation bond hearing "would not address the propriety of Petitioner's claim that [she] was not afforded constitutionally adequate procedural safeguards prior to the deprivation of h[er] liberty interest." *R.N.G. v. Semaia*, No. EDCV 26-2839-DSR, 2026 WL 2089544, at *3 (C.D. Cal. July 14, 2026). Additionally, Petitioner would "suffer significant irreparable harm" in the form of continued detention "if forced to wait for an administrative appeal to be decided." *Villa v. Mullin*, No. EDCV 26-01690-JDE, 2026 WL 1583941, at *4 (C.D. Cal. June 2, 2026). For the same reason, the alternative remedy of a post-deprivation bond hearing is also inadequate to redress Petitioner's due process challenge to her detention without adequate notice and a pre-deprivation hearing. *See Gudavasov v. Marin*, No. EDCV 26-00541-AH-MBKx, 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (collecting cases finding "a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing"). Accordingly, the Court exercises its discretion to waive the prudential exhaustion requirement for Petitioner.

**C. Petitioner's Due Process Claims**

Petitioner argues her ongoing detention since September 4, 2026, violates her procedural due process rights under the Fifth Amendment. (Dkt. 1 at 12.) Respondents assert that Petitioner is lawfully detained as they have already received a bond hearing. (Dkt. 10 at 2.) The Court agrees with Petitioner.[1]

As an initial matter, the Court rejects Respondents' argument that Petitioner's bond hearing precludes our review, and the bond hearing moots her claims. (Dkt. 10 at 4.) A claim is moot only when "there is no longer a possibility" that a litigant "can obtain relief for his claim." *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). "[W]hen, by virtue of an intervening event, a court [ ] cannot 'grant any effectual relief whatever' in favor of the [petitioner]," the proceeding should be

---

[1] Because the Court finds Petitioner is entitled to relief based on this claim, the Court declines to consider Petitioner's other claims.

dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted). Here, Petitioner's bond hearing does not preclude the Court from granting any effectual relief. Indeed, the Court can still grant the only relief that Petitioner seeks in the Petition—her outright release. Additionally, the Court is not "reweigh[ing] the evidence considered by the IJ at the bond hearing" as Respondents assert. (Dkt. 10 at 4.) Petitioner filed her Petition before her bond hearing, so it does not address that proceeding. The Court's reasoning rests solely on the arguments presented in Petitioner's pre-bond hearing Petition.

The Court therefore turns to the merits of Petitioner's due process claim. Courts in this district have previously found that, under the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) framework, noncitizens in circumstances comparable to Petitioner were entitled to release because their re-detention without a hearing or a material change in circumstances violated due process. *See, e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-cv-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026).

Courts have extended these principles to cases in which a noncitizen had not been released from immigration custody previously, but where the record indicates that the Government "deliberate[ly] acquiesce[d]" in the noncitizen's remaining at liberty in the United States. *See Martinez v. Acting Warden of the Adelanto Detention Center*, No. 5:26-cv-02635-ACCV, 2026 WL 2262269, at *5 (C.D. Cal. Aug. 5, 2026); *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (holding that a visa overstayer with a pending asylum application "possesses a constitutionally protected liberty interest that the Government cannot extinguish without affording pre-deprivation process"); *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (concluding that noncitizen who overstayed nonimmigrant visa and entered removal proceedings, but

was never detained, had a protected liberty interest in remaining free). This case is comparable. Petitioner became subject to detention under 8 U.S.C. § 1226(a) after her B-2 visa expired, but the Government elected not to detain her and instead granted her employment authorization while her asylum case remained pending. (Dkt. 10-1 at 3.) For the past two years, Petitioner has proceeded with her asylum claims and has had no arrests or convictions. (*Id.*) Throughout this time, the Government knew exactly where Petitioner was but permitted her to remain at liberty. Under these circumstances, the Court finds that Petitioner's detention without a pre-deprivation hearing or a material change in circumstances violates due process.

Respondents do not appear to dispute that, under *Mathews*, due process ordinarily requires pre-deprivation notice and a hearing prior to detaining someone in Petitioner's circumstances. In fact, they offer no argument on this point. (*See* Dkt. 10) Instead, Respondents only argue that Petitioner's only recourse is through an appeal of their bond hearing to the Board of Immigration Appeals ("BIA") and this Court cannot re-weigh evidence considered by the Immigration Judge at the bond hearing. (Dkt. 10 at 1–5.)

However, Respondents' arguments mischaracterize the argument it seeks to rebut. As previously stated, the question before us—and the one Petitioner raises—is not whether the bond hearing was adequate, but what recourse is available to Petitioner absent pre-deprivation notice and a hearing. The Court therefore rejects Respondents' inapposite arguments as unresponsive to the relevant question before us.

Most courts to address this issue have "concluded that a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing." *Nurlan Gudavasov v. David Marin*, No. 5:26-cv-00541-AH-MBK, 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (collecting cases); *Orellana-Rivera v. J. Johnson*, 5:26-cv-2116-HDV-AJR, Dkt. 18 at 2 (C.D. Cal. May 14, 2026) (observing that an "increasing wave of district courts have concluded, a post-hoc bond hearing" is insufficient to remedy the denial of a petitioner's right to pre-

deprivation process and ordering the petitioner's release); *Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-cv-03595-MBK, 2026 WL 2058437, at *6 (C.D. Cal. July 14, 2026) (same).

These decisions reason that a post-deprivation hearing “cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.” *Khalsa v. Janecka, et al.*, No. 5:26-cv-00623-CAS-AGR, 2026 WL 486670, at *7 (C.D. Cal. Feb. 19, 2026) (quoting *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025)); *see also Mendoza v. Adelanto ICE Processing Center Warden*, No. 5:26-cv-02144-KES, 2026 WL 1480247, at *4 (C.D. Cal. May 22, 2026) (“allowing the government to ‘cure’ such a violation by providing a post-detention hearing would effectively render any holding that a pre-detention hearing is required meaningless”); *Hector Jose Martinez Lopez v. Dep't of Homeland Sec. et al.*, No. 25-cv-03607-KK-ADS, 2026 WL 1365980, at *7 (C.D. Cal. Apr. 23, 2026) (“a post-detention bond hearing would offer little more than cold comfort to Petitioner, whose erroneous deprivation of liberty, along with the concomitant damage to his mental health and impact on his family, has already taken place”) (cleaned up).

“[T]he purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred.” *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up); *see also United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) (recognizing that the “[t]he appropriate remedy for a constitutional violation is one that as much as possible restores” a litigant “to the circumstances that would have existed had there been no constitutional error”) (cleaned up). Accordingly, a person who has suffered a constitutional violation should ordinarily be returned “to the status quo, or ‘the last uncontested status which preceded the pending controversy.’ ” *V.K. v. Noem*, No. 5:26-CV-00241-MWC-SK, 2026 WL 246023, at *5 (C.D. Cal. Jan. 25, 2026) (quoting *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2026)); *Chowdhury v. Lyons*,

No. 5:26-cv-01252-MEMF-E, 2026 WL 1045562, at *7 (C.D. Cal. Apr. 13, 2026) ("prompt release is the remedy that will best return Petitioner to the status quo and restore his position as it was prior to the detention that Petitioner contends was in violation of his constitutional and statutory protections"). This principle has force where, as here, the protections at issue are intended to prevent unlawful detention in the first place. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (observing "the general rule that remedies should be tailored to the injury suffered").

Moreover, Petitioner was likely prejudiced by being forced to litigate the legality of her confinement from inside a detention center, approximately three weeks after she was detained. As numerous courts have recognized, detention makes it more difficult for noncitizens to access counsel, obtain evidence, and otherwise prepare for a bond hearing. *See generally Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005) (discussing the difficulty of obtaining legal representation for an "incarcerated immigrant"); *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 778 (N.D. Cal. 2019) (discussing the "substantial challenges" faced by a noncitizen attempting to litigate a removal case while detained). Here, Petitioner explained how her language barrier has hampered her ability to understand the reasons for her custody and exercise available procedures. (Dkt. 1 at 12.) Under these circumstances, the Government's denial of pre-deprivation process certainly "might" have led to an erroneous deprivation of her liberty. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011) (finding that the petitioner was entitled to habeas relief where he was prejudiced by an IJ's application of the incorrect standard of proof at his bond hearing because it "might" "have affected the outcome of the bond hearing").

Accordingly, the Court finds that Petitioner's detention violated procedural due process and she is entitled to habeas relief.

## IV. CONCLUSION

For the reasons stated, the COURT GRANTS the Petition and ORDERS:

///

(1) Respondents to release Petitioner release Chenxing Xu (A#242359379) immediately under the same conditions as Petitioner was on prior to Petitioner's detention;

(2) Respondents to return all property to Petitioner that was confiscated from Petitioner when Petitioner was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: October 30, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge